HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAYLA REBIC,

    Plaintiff,

v.

CREDIT INTERNATIONAL CORPORATION,

    Defendant.

CASE NO. C10-5323RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for attorney fees (Dkt. # 36) from Plaintiff Kayla Rebic. No party requested oral argument, and the court finds oral argument unnecessary. For the reasons stated below, the court GRANTS the motion in part, awarding attorney fees of $18,590.

## II. BACKGROUND

In the hands of Defendant Credit International Corporation ("CIC"), Ms. Rebic's $150 dollar debt for a day at a hair salon ballooned into a judgment against her for nearly $1000. Ms. Rebic believed that CIC's methods violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and Washington's Consumer Protection Act ("CPA"), RCW Ch. 19.16. She retained counsel.

At the end of more than a year of litigation, the court entered summary judgment in Plaintiff's favor on a narrow strand of a single aspect of her FCPA claims, entered

ORDER – 1

summary judgment in CIC's favor on another narrow strand, and left all remaining issues for trial. That prompted the parties to settle. Ms. Rebic received a reasonable settlement – a $1000 payment in addition to the satisfaction of the judgment against her.

To obtain that result for Ms. Rebic, eight lawyers, four paralegals, five law clerks, and two legal assistants expended nearly 150 hours over more than a year of litigation. Ms. Rebic's legal team seeks almost $30,000 for its work.

## III. ANALYSIS

The FDCPA mandates an award of attorney fees to a successful plaintiff.[1] 15 U.S.C. § 1692k(a)(3). Like virtually every fee-shifting statue, the FDCPA permits only the recovery of "a reasonable attorney's fee." *Id.*

The "most useful starting point for determining the amount of a reasonable [attorney] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (applying *Hensley* to determine FDCPA attorney fee). This "lodestar" amount is a presumptively reasonable fee, although the court may adjust it upward or downward after considering various factors. *Camacho*, 523 F.3d at 978. In determining the lodestar amount and deciding whether to adjust it, courts consider twelve factors known as the *Kerr* factors. They are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Many of the *Kerr* factors are subsumed in the determination of the lodestar amount. Others bear only on

---

[1] The CPA also provides for attorney fees, but both parties focus entirely on the FDCPA and federal law applying to the recovery of fees. The court will do the same.

ORDER – 2

the decision to adjust the lodestar. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 & n.8-9 (9th Cir. 1996). In any event, the court has "a great deal of discretion" determining a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1993).

The court begins with three general observations. First, it is of little concern to the court that the fees that Ms. Rebic's attorneys request greatly exceed her recovery. The fee-shifting provisions in the FDCPA and consumer protection laws like it are intended to encourage attorneys to take cases in which damages are typically be too small to persuade an attorney to enter a contingent fee arrangement or to persuade a litigant to pay a lawyer by the hour. Second, the court deems Ms. Rebic to have prevailed entirely on her claims. As noted, Ms. Rebic actually prevailed solely on a narrow strand of her claims, lost on another narrow strand, and much of the rest of her case remained for trial. Nonetheless, neither she nor CIC suggests that the court should consider her to be less than wholly successful. *Hensley*, 461 U.S. at 434-36 (discussing effect of partial success on fee petition). Third, although it is fair to say that this action was not complex, it became protracted because CIC chose to aggressively defend it. The court does not fault that choice; every defendant has the right to pursue its defense. In this case, however, CIC's choice turned this relatively simple litigation into a struggle that lasted for more than a year. With months of litigation come months of attorney fees.

The court now determines the hours Ms. Rebic's legal team reasonably expended. CIC specifically challenges only a few of the 150 hours claimed, with mixed success. The court agrees, for example, that counsel ought not claim time expended preparing a draft joint status report where counsel failed to communicate with CIC to determine that CIC was already preparing the report. The court agrees that Ms. Rebic's Oregon counsel cannot claim hours spent traveling to Seattle for mediation. There is no indication that Ms. Rebic could not obtain Washington counsel. Indeed, she did obtain Washington counsel, but her Washington attorney declined to attend the mediation. The court also

ORDER – 3

agrees that where counsel failed to meet and confer either in person or on the telephone, in accordance with this court's local rules, it cannot claim hours expended preparing a motion to compel discovery. Local Rules W.D. Wash. CR 37(a)(1)(A). The court finds no merit, however, in CIC's objection to time counsel spent reviewing initial disclosures and noting depositions. All told, CIC's specific objections would reduce the total number of hours counsel claimed by only a dozen hours or so.

CIC's general objections have a greater impact. The court agrees that nothing justified having a legal team of eight lawyers and five law clerks to represent Ms. Rebic. While having more than one attorney assigned to a case is generally good practice, there is nothing in the record that suggests that eight were necessary in this case, to say nothing of the five law clerks who lent a hand. As noted, this case was a simple one; the court routinely presides over more complex cases in which considerably fewer attorneys participate. The court accordingly will consider only the hours claimed by the two attorneys who billed the most hours (Joshua Trigsted and Tracey Tiedman), plus the hours that Ms. Rebic's local counsel (Jon Robbins) claimed. It declines to award fees for any other attorney's time. That leaves about 60 hours of attorney time. The court also declines to award fees for Ms. Rebic's law clerks. Ms. Rebic's attorneys each provided evidence documenting their skill and experience. By contrast, there is no evidence about the law clerks. The court has no idea what their qualifications are, and thus has no way to determine if the rates that counsel charged for their work are reasonable. The court suggests no impropriety in the use of law clerks, it merely requires a party seeking compensation for their time to provide substantially better evidence. In addition, the court declines to award fees for the time Ms. Rebic's legal assistants spent. They performed only clerical tasks. Finally, the court makes a downward adjustment of five hours to the time that Ms. Rebic's paralegals claimed, because the court's review of their billing entries reveals that they spent at least this much time completing clerical tasks.

ORDER – 4

Accounting for these adjustments, Ms. Rebic's legal team reasonably expended 60 hours of attorney time and 10 hours of paralegal time.

The court turns next to the hourly rates Ms. Rebic's legal team charged. The three attorneys whose hours the court considers billed at rates ranging from $175 to $300, and the paralegals billed at between $120 and $135 per hour. Counsel provides no specific evidence that these rates are within the range that Seattle-area attorneys charge for similar work. *See Camacho*, 523 F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). The court, however, may rely on its own knowledge and experience regarding fees charged in the area in which it presides. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Relying on its own experience, the court finds that the rates Ms. Rebic's legal team claims are reasonable for representing individual consumers in the Seattle area.

Applying these rates to the hours they expended, the court arrives at a lodestar amount of $18,590, consisting of $16,190 for attorney time and $1,300 for paralegal time.

Having considered the *Kerr* factors that the court has not already considered in determining the lodestar amount, the court finds no need to adjust the lodestar amount. The court accordingly awards Ms. Rebic $18,590 in legal fees.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Ms. Rebic's motion for attorney fees (Dkt. # 36) and awards attorney fees of $18,590. As no matter remains for the court's consideration, the court directs the clerk to TERMINATE this action and to enter judgment for Ms. Rebic solely as to her attorney fee award.

DATED this 14th day of October, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5